WiLSON, Chief Justice, delivered the opinion of the court: The sufficiency of the certificate of the clerk of the district court of Grant county, in the territory of Wisconsin, to prove the official character of a justice of the peace in said county, by whom several judgments sought to be given in evidence, purported to have been rendered, is the only question to be decided. The court below rejected the evidence because the official character of the justice was not verified by the proper officer. Admitting the reason assigned for this decision to be insufficient, yet if there was a valid objection to the sufficiency of the clerk’s certificate to prove the fact for which it was introduced, and that defect appeared upon its face and was of such a character that it could not have been removed at the time, had it been relied upon, this court is bound to notice it, and for that reason affirm the judgment. This is-the situation of the present case; and we are to decide upon the correctness of the judgment of the court below upon its 'conclusion, and not upon the justness of the reasoning by which that conclusion was attained. The clerk has certified to the official character of the justice of the peace at the time of certifying, but he does not certify-that he was a justice at the time the judgments appear to have been rendered by him. This is a fatal defect, and such as could not have been overcome. Evidence that this person was a justice of the peace at the date of the certificate does not prove that he was such several months prior to that time, when the judgments were rendered. Nor is this objection to the clerk’s certificate obviated by that of the judge of Wisconsin certifying that it is in due form of law. That can add nothing to the certificate of the former, nor dispense with the statement of any material fact by him. His certificate is therefore defective in not having relation to the official character of the j ustice at the time he acted in that capacity, in rendering the judgments proposed to be given in evidence. Note. See La Fayette Bank of Cincinnati v. Stone, I Scam. 424; King v. Dale, 1 Scam. 513; Trader et al. v. McKee, 1 Scam. 558; Jackson v. The People, 2 Scam. 232. The judgment of the court below must therefore be affirmed. Judgment affirmed.